## Social Security Classification. No. 2

MARGIOTTI, Attorney General, April 19, 1938.—This will acknowledge receipt of your letter of March 17, 1938, in which you state that the Federal Social Security Board has requested your department to obtain a formal opinion relative to a resolution passed by the State Board of Public Assistance at its meeting of February 15, 1938, providing that dependent children living with a relative other than their mother shall be classified in the same category as groups applying for or receiving aid to dependent children under the Public Assistance Laws. The resolution reads as follows:

"Resolved, That applicant or assistance groups containing dependent children as defined in the Social Security Act be classified in the same category as groups applying for or receiving Aid to Dependent Children under the Public Assistance Law; and that they be sub-

mitted for Federal reimbursement; and that persons sixty-five years to seventy years of age be classified in the same category as persons seventy years of age and over for the purpose of obtaining Federal reimbursement."

Section 9(a) of the Public Assistance Law of June 24, 1937, P. L. 2051, reads in part as follows:

"(a) Dependent Children. A dependent child is defined as any child under the age of sixteen who (1) resides with his mother, and has been deprived of the support of his father by his father's death, continued absence from home, or physical or mental incapacity".

Section 401 of the Social Security Act of August 14, 1935, 49 Stat. at L. 620, is set out as follows:

"Section 401. For the purpose of enabling each State to furnish financial assistance, as far as practicable under the conditions in such State, to needy dependent children, there is hereby authorized to be appropriated for the fiscal year ending June 30, 1936, the sum of $24,-750,000, and there is hereby authorized to be appropriated for each fiscal year thereafter a sum sufficient to carry out the purposes of this title. The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Board, State plans for aid to dependent children."

While our State law defines a dependent child as one who resides with his mother and has been deprived of the support of his father by his father's death, continued absence from home, or physical or mental incapacity, the Federal appropriation in question provides for "needy dependent children". Presently our Department of Public Assistance is providing for dependent children whose fathers are without employment or income and are, therefore, unable to support such children.

The children of an unemployed father are just as worthy of public aid as children of a father who has passed away, absconded, or who is physically or mentally incapacitated.

The children of the former group are being maintained by our Department of Public Assistance without Federal aid. The Federal appropriation and the Social Security Act are broad enough to cover all classes of dependent children. This is humane legislation and should be liberally construed.

Your department was, therefore, justified in adopting the resolution in question classifying dependent children living with a relative other than their mother in the same category as groups applying for or receiving aid to dependent children under the Public Assistance Laws of our Commonwealth for the purpose of receiving Federal reimbursement, and your action in this regard is accordingly approved.